
**NOT FOR PUBLICATION**

JUL 29 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| POINTE EDUCATIONAL SERVICES, | No. 14-16679 |
|         Plaintiff-counter-defendant - Appellee, | D.C. No. 2:13-cv-01918-NVW |
| v. | MEMORANDUM[*] |
| A.T., Student, by and through his Parents, A.T. and H.T., | |
|         Defendant-counter-claimant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 12, 2015
San Francisco, California

Before: HAWKINS and WATFORD, Circuit Judges, and ROTHSTEIN,[**] Senior
District Judge.

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]    The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

The administrative law judge (ALJ) concluded that the Austin Center for Exceptional Students (ACES) would not afford A.T. a free appropriate public education (FAPE). The ALJ reached that conclusion after finding that ACES would involve excessive transitions between classes, inclusion of significantly older students in academic classes, and exposure to a student population with more severe behavioral issues than A.T. exhibited. The district court found this to be a "close case," but ultimately concluded that the ALJ's findings were not entitled to deference. We agree with the district court that this is indeed a close case, but on balance we believe the ALJ's findings are adequately supported by the record and should not have been disturbed.

Two general principles inform our review of the district court's decision. First, although the district court reviews the ALJ's decision de novo, our cases instruct that an ALJ's findings are entitled to deference when they are thorough and careful. *Ashland School Dist. v. Parents of Student R.J.*, 588 F.3d 1004, 1008 (9th Cir. 2009). The ALJ's findings in this case, rendered after the ALJ heard live testimony at a two-day evidentiary hearing, were thorough and careful. Second, as the party challenging the ALJ's decision, Pointe Educational Services (Pointe) bore the burden in the district court of demonstrating that the ALJ's decision was

erroneous. *L.M. v. Capistrano Unified School Dist.*, 556 F.3d 900, 910 (9th Cir. 2009). We conclude that Pointe failed to carry its burden.

With respect to the issue of excessive transitions, the ALJ heard conflicting testimony from Pointe's witnesses Gay Hardy and Katie Sprouls, on the one hand, and A.T.'s witness Kim Yamamoto, on the other. Hardy and Sprouls opined that A.T. would be able to manage the transitions required at ACES, while Yamamoto opined that the nature and extent of the transitions rendered placement at ACES inappropriate for A.T. The ALJ favored Yamamoto's testimony over that of Hardy and Sprouls. The district court held that doing so was unreasonable, but we are unable to agree with that conclusion. It is true, as the district court noted, that Yamamoto did not possess the same academic credentials as Hardy or Sprouls. However, Yamamoto had 15 years of experience as a special education advocate, and she had met personally with A.T., familiarized herself with A.T.'s individualized education program, and toured ACES with A.T.'s father. By contrast, Sprouls had never even met A.T., and Hardy had never observed A.T. in the educational setting. Therefore, Sprouls and Hardy could not opine, on the basis of personal knowledge, about the extent to which A.T. could (or could not) handle the transitions required at ACES. While the ALJ was not compelled to credit Yamamoto's testimony over that of Hardy and Sprouls, we cannot say that it was

unreasonable for her to do so, particularly since the ALJ had the advantage of hearing each of the witnesses testify live.

The district court also failed to give "due weight" to the ALJ's findings that A.T.'s difficulties in managing the transitions required at ACES would be compounded by the fact that he would likely be grouped in academic classes with older students and immersed in a school population with students exhibiting severe behavioral problems. *See Amanda J. ex rel. Annette J. v. Clark Cnty. School Dist.*, 267 F.3d 877, 888 (9th Cir. 2001). The ALJ's finding regarding the inclusion of significantly older students in A.T.'s academic classes was not based on mere speculation. The testimony at the evidentiary hearing established that at ACES students are grouped according to ability, not chronological age. Thus, as the ALJ noted, students up to five years older than A.T. could transition into A.T.'s academic classes. And the hearing testimony established that ACES is a school for children with serious behavioral problems, whereas A.T. suffers from relatively minor behavioral issues. As the ALJ found, some students at ACES "have been suspended or expelled from public schools for weapons violations, acting out sexually, and drugs." Yamamoto testified that none of the students she has placed at ACES are similar to A.T. in terms of their disabilities and behavioral issues. We

find no basis in the record for disturbing the ALJ's thorough and careful findings on these points.

In short, the ALJ's findings are supported by the record and entitled to deference on appeal. We therefore reverse the district court's judgment and remand for further proceedings.

**REVERSED and REMANDED.**